STATE OF SOUTH CAROLINA )
)
)      IN THE COURT OF COMMON PLEAS
COUNTY OF CHARLESTON )
)
)
RUSSELL T. PICKERING, et al. )      CIVIL ACTION COVERSHEET
                          Plaintiff(s) )
)      2011-CP - 10-5641
                              vs. )
)
)
QUICKEN LOANS, INC., et al. )
                          Defendant(s) )

(Please Print)
Submitted By: Brian M. Knowles, Esquire
Address: P.O. Box 50201, Summerville, SC 29485

| | |
|---|---|
| SC Bar #: | 73108 |
| Telephone #: | 1 (843) 810-7596 |
| Fax #: | 1 (877) 408-1078 |
| Other: | |
| E-mail: | bknowles.lawfirm@gmail.com |

NOTE: **The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.**

## DOCKETING INFORMATION *(Check all that apply)*
### *If Action is Judgment/Settlement do not complete*

☐ **JURY TRIAL** demanded in complaint.      ☒ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-_____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | ☐ Other (999) |
| ☒ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| 15-53-10, et seq. | ☐ Sexual Predator (510) | | |

**Submitting Party Signature:** _[signature]_          **Date:** **August 10, 2011**

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## Exhibit "A"

**FOR MANDATED ADR COUNTIES ONLY**
Allendale, Anderson, Beaufort, Clarendon, Colleton, Florence, Greenville, Hampton, Horry,
Jasper, Lee, Lexington, Pickens (Family Court Only), Richland, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE
DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1.  The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this
    action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a
    primary and secondary mediator from the current roster on a rotating basis from among those mediators
    agreeing to accept cases in the county in which the action has been filed.

2.  The initial ADR conference must be held within 300 days after the filing of the action.

3.  Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120
    days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical
    malpractice mediation is mandatory statewide.)

4.  Cases are exempt from ADR only upon the following grounds:

    a.  Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or
        prohibition;

    b.  Requests for temporary relief;

    c.  Appeals

    d.  Post Conviction relief matters;

    e.  Contempt of Court proceedings;

    f.  Forfeiture proceedings brought by governmental entities;

    g.  Mortgage foreclosures; and

    h.  Cases that have been previously subjected to an ADR conference, unless otherwise required by
        Rule 3 or by statute.

5.  In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or
    of any party, may order a case to mediation.

6.  Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the
    Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**      **You must comply with the Supreme Court Rules regarding ADR.**
                      **Failure to do so may affect your case or may result in sanctions.**

**Exhibit "A"**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON OF PLEAS |
| | ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | |
| | ) | CIVIL ACTION NO.: 2011-CP-10-**5641** |
| RUSSELL T. PICKERING, | ) | |
| Individually and on Behalf of | ) | |
| All Others Similarly Situated, | ) | |
| | ) | **SUMMONS** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| QUICKEN LOANS, INC., | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| ACTING SOLELY AS NOMINEE | ) | |
| FOR QUICKEN LOANS, INC., | ) | |
| a/k/a MERS, BAC HOME LOANS | ) | |
| SERVICING, LP f/k/a | ) | |
| COUNTRYWIDE HOME LOANS | ) | |
| SERVICING, LP, DOES 1 THRU | ) | |
| 1,000 INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer upon the subscribers, at their office at 107 W. 7th N. Street, Summerville, South Carolina 29483 within thirty (30) days after the service thereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid judgment by default will be rendered against you for the relief demanded in the Complaint.

-Signature on Following Page-

**Exhibit "A"**

Respectfully Submitted,

KNOWLES LAW FIRM, PC

BRIAN M. KNOWLES
S.C. Bar No.: 73108
107 W. 7th N. Street
Summerville, South Carolina 29483
P.O. Box 50201 (29485)
T: 1 (843) 810-7596
F: 1 (877) 408-1078
bknowles.lawfirm@gmail.com
http://knowleslawfirm.wordpress.com

THE FAMILY & BUSINESS LAW FIRM, LLC

LAWRENCE M. KASEN
S.C. Bar No.: 14138
210 S. Cedar Street
Summerville, South Carolina 29483
T: 1 (843) 821-6800
F: 1 (843) 821-0046
lawyerkasen@bellsouth.net
http://www.visaimmigrationattorneys.com

Attorneys for the Plaintiff, Individually and on
Behalf of All Others Similarly Situated

Summerville, South Carolina
August _/2_, 2011

**Exhibit "A"**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON OF PLEAS |
| | ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | |
| | ) | CIVIL ACTION NO.: 2011-CP-10-5041 |
| RUSSELL T. PICKERING, | ) | |
| Individually and on Behalf of | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| QUICKEN LOANS, INC., | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| ACTING SOLELY AS NOMINEE | ) | |
| FOR QUICKEN LOANS, INC., | ) | |
| a/k/a MERS, BAC HOME LOANS | ) | |
| SERVICING, LP f/k/a | ) | |
| COUNTRYWIDE HOME LOANS | ) | |
| SERVICING, LP, DOES 1 THRU | ) | |
| 1,000 INCLUSIVE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Russell T. Pickering (hereinafter "Plaintiff" or "Pickering"), by and through his undersigned counsel of record, individually and on behalf of all others similarly situated, brings this complaint for declaratory, equitable and injunctive relief against Quicken Loans, Inc. (hereinafter "Quicken"); Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Quicken Loans, Inc. a/k/a MERS (hereinafter "MERS"); BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP (hereinafter "BAC"); and Does 1 thru 1,000 Inclusive (hereinafter "Does").

## NATURE OF THE CASE

1.    This is a consumer Class action brought pursuant to Rule 23 of the South Carolina Rules of Civil Procedure on behalf of all persons residing in the State of South Carolina, being current and former Quicken customers, whose residential real estate loan closing for real property

1

**Exhibit "A"**

located in the State of South Carolina was performed by Quicken as a "witness only" closing or other form of closing which does or did not comply with and/or which is otherwise proscribed by the mandates and requirements of the South Carolina residential real estate loan closing case law, ethics opinions, and/or other South Carolina guidelines and requirements imposed for closing residential real estate loans in the State of South Carolina.

2.     Upon information and belief, Quicken is a national real estate lender, and is the country's largest online lender and the country's fifth largest retail home loan lender.

3.     Upon information and belief, in blatant disregard for the long and well established rules and law(s) governing the conduct of closing residential real estate loans in the State of South Carolina, Quicken routinely and systematically has engaged in and continues to engage in improper "witness only" loan closings and other improper loan closing measures with consumers throughout the State of South Carolina.

4.     Upon information and belief, during all relevant and material times, after Quicken closes a residential real estate loan in the State of South Carolina, Quicken either retains ownership of the Note and Mortgage of its customer(s) or sells and/or assigns its customer's Note and Mortgage directly or through its nominee, MERS, to third parties (hereinafter "Does"), which in turn retain ownership of the Note(s) and Mortgage(s) or subsequently resell and/or assign their respective interests to BAC or other Does.

5.     Plaintiff, on behalf of himself and the class members, asserts that "witness only" residential real estate loan closings and other improper residential real estate loan closings conducted by Quicken constitute the unauthorized practice of law.  Accordingly, Plaintiff, on behalf of himself and the class members, seeks declaratory, equitable and injunctive relief declaring the Defendants' Notes and Mortgages void at law and in equity and enjoining and otherwise barring the Defendants from continuing to engage in improper residential real estate

**Exhibit "A"**

loan closing activities in the State of South Carolina to protect the South Carolina public and to require the Defendants' adherence to South Carolina law.

## PARTIES

6.      Plaintiff, RUSSELL T. PICKERING, is a citizen and resident of Houma Parish, Louisiana. Pickering is the owner of certain real property located at 179 Line Street, City of Charleston, Charleston County, South Carolina (hereinafter the "Property"), which is otherwise the subject matter of the Defendant(s)' Note and Mortgage.

7.      Defendant, QUICKEN LOANS, INC., is a for profit Michigan corporation with its principal place of business in the State of Michigan. At all material and relevant times, Quicken conducted and continues to conduct extensive business in the State of South Carolina in its capacity as a South Carolina foreign corporation.

8.      Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR QUICKEN LOANS, INC., a/k/a MERS, is a for profit Florida corporation with its principal place of business in the State of Florida. At all material and relevant times, MERS conducted and continues to conduct extensive business in the State of South Carolina.

9.      Defendant, BAC HOME LOAN SERVICING, LP f/k/a COUNTRYWIDE HOME LOAN SERVICING, LP, is a for profit Nevada corporation with its principal place of business in the State of Nevada. At all material and relevant times, BAC conducted and continues to conduct extensive business in the State of South Carolina.

10.     The true names and capacities of Defendants sued as DOES 1 through 1,000 are presently unknown to Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that these entities are responsible for the conduct alleged herein or may possess an interest in the determination of the rights of the parties by way of any unrecorded or recorded assignment(s) of

3

record from either Quicken or MERS or third party DOES. Plaintiff intends to seek leave of Court to amend the complaint once the true identities of these entities are ascertained.

## JURISDICTION

11.     This Court has subject matter jurisdiction by virtue of the fact that the causes of action alleged and asserted in this litigation arose from the Defendants' conduct of business in the State of South Carolina, which relate to the subject matter Note and Mortgage for real property located and lying in Charleston County, South Carolina. This Court is further vested with jurisdiction of the underlying action pursuant to the applicable subparts of South Carolina Code §§ 15-7-10, 15-7-30, and § 36-2-803.

12.     The Charleston County Court of Common Pleas, Ninth Judicial Circuit, is the proper venue for this matter.

## FACTUAL ALLEGATIONS

13.     Quicken directly solicits orders for retail residential real estate home loans to prospective customers by way of online, television, radio and other sundry marketing measures.

14.     Once a prospective customer in South Carolina applies and is approved for a residential loan from Quicken and agrees to proceed with a loan closing, he or she becomes a customer of Quicken. At this time, Quicken processes the loan and selects the methodology for closing the customer's residential loan.

15.     Upon information and belief, over the years, Quicken has closed a substantial number of residential real estate loans in South Carolina, including that of Pickering's, by a methodology commonly referred to as "witness only" loan closings and/or by other improper residential real estate loan closing methodologies in violation of South Carolina law.

4

**Exhibit "A"**

16.    A "witness only" residential real estate loan closing is one in which a lender hires a Notary Public to oversee the execution of the loan closing documents without a lawyer being responsible for other aspects of the loan closing as required by South Carolina law.

17.    Upon information and belief, Quicken has and continues to contract and hire third party title companies, including, without limitation, LSI Title Agency, Inc. (hereinafter "LSI"), to perform residential real estate loan closing functions that under South Carolina law are the responsibility and within the purview, authority and obligation of a South Carolina licensed attorney.    The residential real estate loan closing functions and responsibilities assigned by Quicken to LSI and other similarly assigned third party companies include, without limitation, title searches, transfers, payoffs of outstanding liens, preparation and recordation of negotiable and non-negotiable loan documents, including Mortgages and Notes, and other designated loan closing responsibilities, all without the supervision of a licensed South Carolina attorney, each of which responsibilities are proscribed by South Carolina law.

18.    In an evolving line of cases dating back to the year 1987, the South Carolina Supreme Court has mandated and ruled that "witness only" residential real estate loan closings and/or other residential real estate loan closings that are not properly supervised by a licensed South Carolina attorney constitute the unauthorized practice of law and that the Notes and Mortgages connected with such closings are void and otherwise unenforceable at law and in equity. Moreover, South Carolina ethics opinions have made it abundantly clear that lenders must ensure that their residential real estate loan closings are properly supervised by licensed South Carolina attorneys so as not to engage in the unauthorized practice of law.

## THE PICKERING TRANSACTION

19.    On or about August 27, 2007, by and through a "witness only" loan closing, Quicken closed a residential real estate loan with Pickering in relation to the subject matter property.

5

20.     During all material and relevant times of the loan closing, Pickering was in the State of California. All documents signed by Pickering relating to the loan closing were witnessed by a Notary Public for the State of California.

21.     Upon information and belief, Quicken contracted and hired LSI to perform the Pickering loan closing.

22.     Upon information and belief, Quicken or LSI prepared the Pickering loan closing documents, including, without limitation, the Mortgage and Note, without the supervision of a licensed South Carolina attorney.

23.     Upon information and belief, Quicken or LSI recorded the Mortgage with the Charleston County Register of Mesne Conveyance without the supervision of a licensed South Carolina attorney.

24.     Upon information and belief, Quicken or LSI obtained any and all outstanding lien payoffs on the subject matter property, and LSI or Quicken submitted payment for said liens without the supervision of a licensed South Carolina attorney.

25.     Upon information and belief, Quicken or LSI prepared the preliminary and/or final title policy without the supervision of a licensed South Carolina attorney.

26.     Upon information and belief, Quicken or LSI ordered and/or performed the title search for the subject matter property without the supervision of a licensed South Carolina attorney.

27.     Upon information and belief, the Pickering loan closing occurred without the supervision of a licensed South Carolina attorney.

28.     As a result of Quicken's and/or its duly designated representatives, agents or subcontractors' wrongful conduct, actions and/or inactions, Plaintiff has elected to seek a declaratory judgment to have the Court determine the rights of the parties as it relates to the subject matter loan(s) and propert(ies), and further seeks to have the Court declare the subject

6

**Exhibit "A"**

Note(s) and Mortgage(s) void and unenforceable at law and equity. Plaintiff additionally seeks

to enjoin the Defendant(s) from continuing to engage in "witness only" loan closings or other

improper real estate loan closings without the supervision of a licensed South Carolina attorney

in violation of South Carolina law, and for attorneys' fees, court costs, and expenses in

connection with the prosecution of this action.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action individually and on behalf of all persons as the Court may

determine to be appropriate for Class certification, pursuant to the South Carolina Rules of Civil

Procedure, Rule 23. Plaintiff seeks to define a Class of consumers as:

> **All persons owning residential real property in the State of South Carolina,
> whose real property is subject to a Note and Mortgage originated by
> Quicken, being current and former Quicken customers, including those,
> whose loans were sold or assigned to MERS or Does, which then either
> retained their interest in the Note(s) and Mortgage(s) or resold or reassigned
> their interest in the Note(s) and Mortgage(s) to third party Does, and whose
> residential real estate loan closings were conducted as "witness only" closings
> or employed other improper forms of loan closing without the supervision of
> a licensed South Carolina attorney or which were otherwise proscribed by
> South Carolina law.**

Plaintiff reserves the right to modify the class definition or propose one or more subclasses if

discovery reveals such modifications are appropriate.

30.    Excluded from the Class are the Defendants, subsidiaries and affiliates of the Defendants,

the officers, directors and employees of Defendants, members of their immediate family and

their legal representatives, heirs, successors or assigns and any entity in which any of the

foregoing has a controlling interest.

31.    The proposed class is so numerous that joinder of all members is impracticable. Upon

information and belief, there are several hundred thousand Quicken customers and a substantial

number of those customers live in South Carolina. Upon information and belief, a substantial

number of Quicken customers in South Carolina have experienced one or more of the

7

complained of actions related to improper residential real estate loan closings. Although the exact number of such persons is unknown to Plaintiff at this time, Defendants' records should contain sufficient information on the identities and locations of all such parties, as well as the present mortgage amounts owed, among the other complained of actions of one or more of the Defendants. As Defendants have exclusive control of such information, Plaintiff reserves the right to amend the allegations of the complaint following completion of discovery. Given the scope and extent of the Defendants' business in South Carolina, it is clear that the members of the proposed Class are so numerous that joinder is impracticable and the disposition of all claims in a class action will provide substantial benefits to both the parties and the Court.

32.     There are questions of law and/or fact common to the named Plaintiff and to the unnamed members of the proposed Class. Plaintiff and other members of the proposed Class were subject to "witness only" residential real estate loan closings and/or other improper residential real estate loan closings in violation of South Carolina law.   Additionally, questions of law and fact common to the Class exist, which predominate over any individual questions affecting class members, including, without limitation, the following:

a.     Whether Quicken's conduct of "witness only" residential real estate loan closings and/or other improper residential real estate loan closings without the supervision of licensed South Carolina attorneys constitute the unauthorized practice of law?   And, if so, whether the customers' Note(s) and Mortgage(s) should be declared void at law and equity and, therefore, unenforceable?

b.     Whether the Defendants should be enjoined from continuing to engage in "witness only" residential real estate loan closings and/or other improper residential real estate loan closings without the supervision of licensed South Carolina attorneys, and the proper scope of any such injunction?

8

**Exhibit "A"**

33.    Plaintiff has the same interest in this matter as all the other Members of the Class, and his claims are typical of all Members of the Class.  Plaintiff's claims are typical of the claims of all Class Members because the claims originate from the same illegal, improper, and deceptive "witness only" residential real estate loan closings and/or other improper residential real estate loan closings conducted without the supervision of licensed South Carolina attorneys.

34.    Plaintiff will fairly and adequately represent the interests of the absent members of the proposed Class such that the Class claims will be prosecuted with diligence and care by Plaintiff as representative of the proposed Class.  Plaintiff is committed to pursuing this action and has retained competent counsel to prosecute this case.  Plaintiff's attorneys have been involved with previous consumer and lending cases.

35.    Class action status is superior to that of other available methods for the fair and efficient adjudication of this controversy since the joinder of all of the class members is impracticable.  To the knowledge of Plaintiff and his counsel, no class member has heretofore commenced litigation against Quicken or Defendants based on the claims alleged and asserted in this action.  It is desirable to concentrate the litigation of the claims in this Court.  Plaintiff and his counsel do not anticipate encountering any unique difficulties in the management of this action as a Class action.

**FOR A FIRST CAUSE OF ACTION**

**(Injunctive and Declaratory Relief, S.C. Code § 15-53-10, *et seq.*)**

36.    Plaintiff incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

37.    An actual controversy exists between the Plaintiff, Class Members and the Defendants as to the right of the Defendants to enforce the Notes and Mortgages against the Plaintiff and proposed Class Members by virtue of the failure of one or more of the Defendants to close the

9

residential real estate loans of the Plaintiff and proposed Class Members with the supervision of licensed South Carolina attorneys and otherwise in accordance with South Carolina law.

38.    As the owners of the residential real properties affected by the Defendants' Notes and Mortgages and the primary obligors of the Defendants' Notes and Mortgages, Plaintiff and the proposed Class Members are entitled to be free from any uncertainty as to the Defendants' right to enforce the Notes and Mortgages.

39.    To protect the rights and interests of the Plaintiff and proposed Class Members, Plaintiff requires a declaration that the Defendants' Notes and Mortgages are void at law and in equity and otherwise unenforceable against the Plaintiff and proposed Class Members.

40.    Without such a declaration and in the absence of adjudication that the Defendants are not entitled to enforce the Notes and Mortgages, Defendants will continue to attempt to enforce their Notes and Mortgages against the Plaintiff and the proposed Class Members.

41.    Additionally, Plaintiff and the proposed Class Members are entitled to injunctive relief to enjoin the applicable Defendants from continuing to engage in South Carolina proscribed "witness only" residential real estate loan closings and/or other improper residential real estate loan closings without the supervision of licensed South Carolina attorneys or as otherwise proscribed by South Carolina law.

42.    Plaintiff and the proposed Class Members, as members of the public, do not have an adequate remedy at law to protect the rights of would-be loan closing applicants from continued and repeated acts of the Defendants to close residential real estate loans in South Carolina without the supervision of licensed South Carolina attorneys.

43.    Without the issuance of an injunction, the Plaintiff, proposed Class Members and the public at large will be irreparably harmed, which based on the continued proscribed residential real estate loan practices of the Defendants to date, will continue unfettered and in an imminent

10

**Exhibit "A"**

and foreseeable manner should this Court not grant injunctive relief against the Defendants as to the proscribed conduct.

44.    All conditions precedent to the institution of this action have occurred, been waived or excused.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, on behalf of himself and all other Members of the Class, respectfully request that the Court grant the following relief:

A.    Certify this case as a class action under Rule 23;

B.    Declare the Defendants' Notes and Mortgages void at law and in equity and otherwise enforceable liens;

C.    Grant an injunction enjoining the applicable Defendants from engaging in "witness only" residential real estate loan closings and/or other improper residential real estate loan closings without supervision of licensed South Carolina attorneys or as otherwise proscribed by South Carolina law;

D.    Deem that the Defendants be made to pay the Plaintiffs' attorneys' fees;

E.    Deem that the Defendants be made to pay the Plaintiffs' costs and expenses attendant with the prosecution of this action; and

F.    For such other and further relief as this Court may deem just and proper.

## NON-JURY TRIAL

Plaintiff demands that the trial in this cause be non-jury.

-Signature on Following Page-

11

**Exhibit "A"**

Respectfully Submitted,

KNOWLES LAW FIRM, PC

BRIAN M. KNOWLES
S.C. Bar No.:  73108
107 W. 7th N. Street
Summerville, South Carolina 29483
P.O. Box 50201 (29485)
T:  1 (843) 810-7596
F:  1 (877) 408-1078
bknowles.lawfirm@gmail.com
http://knowleslawfirm.wordpress.com

THE FAMILY & BUSINESS LAW FIRM, LLC

LAWRENCE M. KASEN
S.C. Bar No.:  14138
210 S. Cedar Street
Summerville, South Carolina 29483
T:  1 (843) 821-6800
F:  1 (843) 821-0046
lawyerkasen@bellsouth.net
http://www.visaimmigrationattorneys.com

Attorneys for the Plaintiff, Individually and on
Behalf of All Others Similarly Situated

Summerville, South Carolina
August _10_, 2011

12

**Exhibit "A"**

# KNOWLES LAW FIRM, PC

BRIAN M. KNOWLES, ATTORNEY AT LAW*
107 W. 7th N. ST., SUMMERVILLE, SC 29483
P.O. BOX 50201, SUMMERVILLE, SC 29485
T: 1 (843) 810-7596
F: 1 (877) 408-1078
bknowles.lawfirm@gmail.com
http://knowleslawfirm.wordpress.com
*(Licensed in SC and Washington, DC)

August 10, 2011

**VIA HAND DELIVERY**
The Honorable Julie J. Armstrong
Charleston County, Clerk of Court
Court of Common Pleas
100 Broad Street, Suite 106
Charleston, SC 29401

RE: **Russell T. Pickering, Individually and on Behalf of All Others Similarly Situated v. Quicken Loans, Inc., et al.**
Civil Action No.: 2011-CP-10-_____

Dear Julie:

Enclosed for filing, please find the original and four copies of the Civil Cover Sheet, Summons, and Complaint in the above-captioned case. In addition, I have enclosed my firm's check in the amount of $150.00 associated with the filing fee. Please file these documents and return the filed copies to me via courier.

If you have any questions and/or concerns, do not hesitate to contact me.

All the best,

Brian M. Knowles

Encl.

cc:    Russell T. Pickering

**Exhibit "A"**